

# IN THE
# TENTH COURT OF APPEALS

### No. 10-16-00204-CV

**JARRAR HOLDINGS, LLC,**

Appellant

 **v.**

**CLAYTON WILLIAMS ENERGY, INC.,**

Appellee

---

**From the 21st District Court**
**Burleson County, Texas**
**Trial Court No. 28,136**

---

## MEMORANDUM  OPINION

---

When a trial court has permitted an appeal from an interlocutory order that would not otherwise be appealable, an appellate court may accept the appeal if, within fifteen days after the order to be appealed is signed, the appealing party files a petition for permission to appeal with the clerk of the court of appeals having appellate jurisdiction over the action in which the order to be appealed is issued.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d), (f) (West Supp. 2015); TEX. R. APP. P. 28.3.  Jarrar Holdings, LLC has not filed a petition for permission to appeal.  Instead, Jarrar has filed

a "Notice of Accelerated Appeal (Agreed)" under Rule of Appellate Procedure 28.2. *See* TEX. R. APP. P. 28.2. Rule 28.2 applies only to appeals in cases that were filed in the trial court before September 1, 2011. *Id.* 28.3 cmt. This case was filed in the trial court on April 30, 2015; therefore, Rule 28.2 does not apply to this case.

The Clerk of this Court notified the parties by letter dated July 6, 2016, that we would dismiss this appeal unless, within fourteen days of the date of the letter, a response was filed showing grounds for continuing the appeal. Jarrar has filed a motion for extension of time to file a petition for permission to appeal and states that the motion is unopposed. Jarrar asserts that the failure to timely file the petition for permission to appeal was not deliberate or intentional but merely the result of inadvertence because the parties and the trial court believed that Rule 28.2 applied to this appeal. Jarrar further argues that we should grant an extension because (1) "all parties and the trial court agreed to this interlocutory appeal," (2) "this interlocutory appeal involves a controlling question of law," and (3) "the question of law presents an important issue to Texas jurisprudence which should be decided by this Court." Jarrar requests that we grant an extension of five days from the date that we rule on this motion for it to file its petition for permission to appeal.

A petition for permission to appeal must be filed with fifteen days after the order to be appealed is signed. TEX. R. APP. P. 28.3(c); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d), (f). The court of appeals may extend the time to file the petition if the party: (1) files the petition within fifteen days after the deadline, and (2) files a motion complying with Rule 10.5(b). TEX. R. APP. P. 28.3(d). Here, the trial court signed the

order permitting an agreed interlocutory appeal on June 3, 2016. Over thirty days have passed, and Jarrar has not filed a petition for permission to appeal. Accordingly, we cannot extend the time for Jarrar to file its petition for permission to appeal. *See id.* 28.3(c), (d). Jarrar's unopposed motion for extension of time to file petition for permission to appeal is dismissed. Moreover, because Rule 28.2 does not apply to this case and because parties to a suit cannot confer subject matter jurisdiction on a court by agreement, *Devon Energy Prod. Co., L.P. v. KCS Res., LLC*, 450 S.W.3d 203, 216 (Tex. App.—Fort Worth 2014, pet. denied), we dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f).


                                        REX D. DAVIS
                                        Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Appeal dismissed, motion dismissed
Opinion delivered and filed July 20, 2016
[CV06]

